IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILBURN B. CRAFT                                                                               PLAINTIFF

v.                                    CASE NO.        12-2067

CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I. Procedural Background:

The plaintiff filed his applications for DIB on November 29, 2010, alleging an onset date of June 1, 2010 , due to plaintiff's TMJ (T. 161) and pain in his neck/shoulders and lower back (T. 192). Plaintiff's applications were denied initially and on reconsideration. Plaintiff then requested an administrative hearing, which was held on October 18 2011. Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, plaintiff was 47 years of age and possessed a 6th Grade Education.  The Plaintiff had past relevant work ("PRW") experience as a Mechanic (T. 162).

On November 4, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's DDD and TMJ did not meet or equal any Appendix 1 listing.  T. 20.  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work T. 20.  With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform the requirements of representative occupation such as production and assembly worker and inspector, checker, and weigher.  T. 24-25.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

**A.  Step Two**

At step two of the sequential evaluation process, the claimant bears the burden of proving that he has a severe impairment. *Nguyen v. Chater*, 75 F.3d 429, 430-431 (8th Cir. 1996). An impairment or combination of impairments is not severe if there is no more than a minimal effect on the claimant's ability to work. *See, e.g., Nguyen*, 75 F.3d at 431. A slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do

basic work activities is not a severe impairment. SSR 96-3p, 1996 WL 374181 (1996); SSR 85-28, 1985 WL 56856 (1985). If the claimant is not suffering a severe impairment, he is not eligible for disability insurance benefits. 20 C.F.R. § 404.1520(c).

     The ALJ determined that the claimant had severe impairments of " degenerative disc disease of cervical spine, and temporomandibular joint (TMJ) dysfunction (20 CFR 404.1520(c))." (T. 21). The Plaintiff first argues that the ALJ committed error because he did not find that the Plaintiff's "bilateral hips, bilateral shoulders, and back were also severe impairments". ECF No. 9, p. 10.

     The Plaintiff cites an MRI on June 27, 2011 of the cervical spine (T. 125), the Left Shoulder (T. 126), the Right Shoulder (T. 127), and the Bilateral Hips (T. 128). The MRI of the Left Shoulder showed suspicion of superior labral posterior labral tear; tendinopathy of the distal supraspinatus and infraspinatus tendons and mild arthropathy of the AC joint. (Tr. 126). MRI of the Right Shoulder showed inferior paralabral cyst implying the presence of an inferior labral tear, and suggestion of tear in the posterior-superior labrum, and this could be better further evaluated with MR arthrography unless patient is to have arthroscopy regardless; mild degenerative arthropahty of the AC joint. (Tr. 127). MRI of the Bilateral Hip showed Avasuclar Necrosis of the superior weight-bearing portion of the femoral heads bilaterally; degenerative disc space narrowing at L5-S1 incidentally noted.

     The Defendant argues that the ALJ "considered the evidence when evaluating Plaintiff's RFC. (ECF No. 11, p. 6). The Plaintiff goes on to argue that although "the ALJ did not specifically find this as a severe impairment at step two, the ALJ's decision showed that he considered this evidence and took it into account when he found that Plaintiff was limited to

sedentary work (Tr. 20-21, 23, 128, 310)."

This, however, does not appear to be the case. The ALJ never references these subjective medical findings. It does not appear that the ALJ was even aware of them because the medical records were somehow attached to Exhibit 13B which was the Plaintiff's "Acknowledgment of Receipt (Notice of Hearing). (T. 122).

In addition, the ALJ discounted the opinion of Dr. Schmitz who provided an Attending Physician's Statement on July 19, 2011. (T. 308). Dr. Schmitz diagnosed the Plaintiff with (1) Avascular Necrosis of Bilateral Hips, (2) Left shoulder superior and posterior labral tear and tendinopathy of the distal supraspinatus and infraspinatus tendons, (3) right shoulder with inferior labral tear, and (4) TMJ. (Id.) and he suggested that the Plaintiff should be evaluated by an orthopedist. (Id.).

The ALJ stated that "The claimant's current treating physician, James Schmitz, D.O., provided a medical source statement in which he assigned the claimant a number of diagnoses and severe limitations. However, after evaluation of this opinion, I find that he (ALJ) is able to give it little weight as the opinion was written after Dr. Schmitz had seen the claimant on only one occasion; the opinion included a number of diagnoses unsupported by the medical evidence of record". (T. 23).

The medical evidence of the MRIs performed on June 27, 2011 (T. 125-128) do in fact support the medical opinion of Dr. Schmitz. What is abundantly clear is that the ALJ never considered this evidence and remand is necessary to allow the ALJ to correct this error.

### IV.  Conclusion:

Accordingly, the court finds that the ALJ's decision is not supported by substantial

evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration.

Dated this March 15, 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE